ROBERT E. ATKINSON, ESQ.
Nevada Bar No. 9958
*Oregon Pro Hac Admission Pending*
Email:  r.atkinson@kupperlin.com
**KUPPERLIN LAW GROUP, LLC**
10120 S Eastern Ave, Suite 202
Henderson, NV 89052
Telephone: (702) 614-0600
Facsimile: (702) 614-0647
*[Proposed] Reorganization Counsel for Debtor*

BRIAN T. HEMPHILL, ESQ.
Oregon State Bar #01284
Email:  brian@hemphill-attorney.com
**BRIAN T. HEMPHILL, P.C.**
339 SW Century Drive, Suite 101
Bend, OR 97702
Telephone: (541) 382-2991
Facsimile:  (541) 550-2007
*Local Associated Counsel for Debtor*

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>AIRCRAFT INVESTOR RESOURCES, LLC<br>a Nevada limited liability company;<br><br>Debtor | Case No.  09-38458-RLD11<br>Chapter 11 voluntary |

### DEBTOR'S MOTION TO DISMISS CASE

*[Hearing required pursuant to Rule 2002(a)(4)]*

AIRCRAFT INVESTOR RESOURCES, LLC, the debtor and debtor-in-possession ("Debtor") in the above-captioned case, moves this Court for a voluntary dismissal of this case.

This motion is based on the arguments set forth herein, the <u>Declaration of Christopher Sanders in Support of Debtor's Motion to Dismiss Case</u> ("*Declaration in Support of Dismissal*") filed contemporaneously herewith, and any evidence and representations that may be provided at any hearing that may be held on this Motion.

DATED: October 20, 2009         By:      /s/ Robert Atkinson
                                     ROBERT E. ATKINSON, ESQ.
                                     Nevada Bar No. 9958
                                     *Oregon Pro Hac Admission Pending*
                                     *[Proposed] Counsel for Debtor*

                                By:      /s/ Brian Hemphill
                                     BRIAN T. HEMPHILL, ESQ.
                                     Oregon State Bar #01284
                                     *Local Associated Counsel for Debtor*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. JURISDICTION

1.  The Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b) and may be determined by the Bankruptcy Court. Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

### II. GENERAL BACKGROUND

2.  On September 10, 2009 (the "Petition Date"), the Debtor commenced a voluntary Chapter 11 case in the District of Nevada.

3.  On September 17, 2009, a motion to transfer the case venue was filed by creditor Douglas King ("*Motion to Transfer Venue*"). *See* Docket Entry #10.

4.  On September 25, 2009, Debtor filed its opposition to the Motion to Transfer Venue ("Opposition to Transfer"). In that Opposition to Transfer, Debtor argued, amongst other reasons, that transfer would be too expensive for Debtor:

> "Transfer cannot and will not promote the economic administration of the estate because Debtor simply cannot afford to change venues. If the court transfers the case to the District of Oregon, Kupperlin Law will not be able to transfer with the case, and so new counsel will have to be found, at potentially great expense to Debtor. … **It could be greatly difficult to even find anyone willing to take on an existing Chapter 11 case. Even if such counsel could be found, Debtor has insufficient funds to retain such a firm.**" Opposition to Transfer at ¶24.

5. This concern was unfortunately realized. After numerous queries to many local Portland firms, Debtor's counsel was unable to identify any local firms that were: (i) not already conflicted; (ii) had the expertise; and (iii) had the capacity to take on a case of this size. Post-petition, Debtor identified at least three adversarial proceedings to be initiated, which increased the requirement to find a firm with the capacity to handle it. *Declaration in Support of Dismissal* at ¶1.

6. Debtor was able to identify two Portland firms that met the requirements. Both insisted on six-digit retainer fees, to be paid out of third-party funds. *Declaration in Support of Dismissal* at ¶2. One firm indicated a potential run-rate of $100k/month. Debtor's principals were unable and/or unwilling to meet the retainer demand. *Id.*

7. The timing is obviously critical. Debtor's new management has identified a path forward for the company – one which can address the concerns of all of debtor's creditors. A letter describing that vision is being contemporaneously distributed to the primary creditors in this case. *Declaration in Support of Dismissal* at ¶3. Its salient features are:

   a. A new operating company would be formed ("*NewCo*"), as a Delaware corporation.
   b. AIR would sell its two joint-venture assets.
   c. Capitalize the NewCo common stock. This could happen in several ways, e.g., funds from AIR, third-party funds, funds from completed ("*Owner*") or in-progress ("*Builder*") airplane kit customers, etc.
   d. Also issue Series A preferred stock, with a liquidation preference, and conversion option, and financial transparency to the current unfinished Builders.
   e. The Builders would hold seats on the NewCo Board of Directors.
   f. AIR would license its intellectual property to NewCo. That license would also provide for a priority distribution to NewCo in the instance of any sale of Debtor's assets.
   g. Manage the ongoing issues with the FAA and regain their approval for Kit production.
   h. Hire experience people from the aircraft and carbon fiber manufacturing industry to manage the company. There will be no holdovers from the old entity. New people have already been identified and would be vetted.

i. Move production location to a manufacturing hangar in another location, managed by an unrelated landlord. Several cost-effective prospective locations have already been identified.

8. Debtor has substantial assets whose value can best be realized in ongoing operations, or a controlled liquidation of a subset of its assets, e.g., its 50% interest in the TAM-AIR joint venture.[1] *Declaration in Support of Dismissal* at ¶4.

9. In its business judgment, based on current and potential actions of creditors, Debtor does not have the time or resources to develop a confirmable Chapter 11 plan. Rather, it hopes to quickly adjust operations outside of bankruptcy court, based on the terms described above, thus relieving pressure from its primary creditors. Its minor creditor claims would survive and be paid in normal course. *Declaration in Support of Dismissal* at ¶5.

### III.  RELIEF REQUESTED / LEGAL AUTHORITIES

10. Debtor requests a voluntary dismissal of the case under 11 U.S.C. §1112(b)(1).

11. Debtor represents that, given the current situation described above, the requested dismissal is clearly in the best interest of the creditors and the estate. *Declaration in Support of Dismissal* at ¶6.

12. Dismissal, even voluntary dismissal by the Debtor, must be supported by establishing cause; a list of for-cause reasons is provided in subsection (4). See 11 U.S.C. §1112(b).

13. Debtor has identified at least one (b)(4) for-cause reason that supports its request: Pursuant to subsection (b)(4)(C), Debtor's current management discovered post-petition that prior management let its business insurance lapse. Debtor's new management is having substantial difficulty in getting any carrier to provide a quote in providing insurance for a company while in bankruptcy. *Declaration in Support of Dismissal* at ¶7.

---

[1] For instance, TAM recently indicated interest in buying out Debtor's 50% interest in TAM-AIR, but only upon certain actions being performed by Debtor. *Declaration in Support of Dismissal* at ¶4. As another example, in early 2009, Debtor received a substantial offer from a third party for certain of its assets, but any renewal of such an offer is clearly dependent on having ongoing operations and technical know-how, not just CAD drawings. *Id.*

Case 09-38458-rld11    Doc 78    Filed 10/20/09

14. Furthermore, a court may dismiss a chapter 11 case for reasons other than those specified in section 1112(b)(4) so long as the reasons are sufficient to satisfy 'cause.' See *7 Collier on Bankruptcy* ¶ 1112.01[2][a]. Debtor respectfully asserts that the situation as described in the prior section provides such cause, namely: (i) that debtor's asset value can best be realized outside of bankruptcy; (ii) that it has a prospective path forward that would relieve most or all of the critical creditor pressure; and (iii) that it cannot afford to hire local counsel to press forward on the multiple fronts (including litigation and plan confirmation) that would be present if the case were to continue. *Declaration in Support of Dismissal* at ¶8.

///

///

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order granting the relief requested herein.

DATED: October 20, 2009

By: /s/ Robert Atkinson
ROBERT E. ATKINSON, ESQ.
Nevada Bar No. 9958
*Oregon Pro Hac Admission Pending*
*[Proposed] Counsel for Debtor*

By: /s/ Brian Hemphill
BRIAN T. HEMPHILL, ESQ.
Oregon State Bar #01284
*Local Associated Counsel for Debtor*