ROBERT E. ATKINSON, ESQ.
Nevada Bar No. 9958
*Oregon Pro Hac Admission Pending*
Email:  r.atkinson@kupperlin.com
**KUPPERLIN LAW GROUP, LLC**
10120 S Eastern Ave, Suite 202
Henderson, NV 89052
Telephone: (702) 614-0600
Facsimile: (702) 614-0647
*[Proposed] Reorganization Counsel for Debtor*

BRIAN T. HEMPHILL, ESQ.
Oregon State Bar #01284
Email:  brian@hemphill-attorney.com
**BRIAN T. HEMPHILL, P.C.**
339 SW Century Drive, Suite 101
Bend, OR 97702
Telephone: (541) 382-2991
Facsimile:  (541) 550-2007
*Local Associated Counsel for Debtor*

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>AIRCRAFT INVESTOR RESOURCES, LLC<br>a Nevada limited liability company;<br><br>Debtor | Case No.  09-38458-RLD11<br>Chapter 11 voluntary |

## **DECLARATION OF CHRISTOPHER SANDERS IN SUPPORT OF DEBTOR'S MOTION TO DISMISS CASE**

I, Christopher Sanders, am Chief Executive Officer of Aircraft Investor Resources, LLC, the debtor in this bankruptcy case.  I declare the following statements based on my personal knowledge of the situation and circumstances facing the Debtor, to the best of my recollection:

1.   After numerous queries to many local Portland firms, Debtor's counsel was unable to identify any local firms that were: (i) not already conflicted; (ii) had the expertise; and (iii) had the

capacity to take on a case of this size.  I recently identified at least three adversarial proceedings to be initiated, which increased the requirement to find a firm with the capacity to handle it.

2. Debtor was able to identify two Portland firms that met the requirements.  Both insisted on six-digit retainer fees, to be paid out of third-party funds.  One firm indicated a potential run-rate of $100k/month.  Debtor's principals are unable and/or unwilling to meet the retainer demand.

3. As Debtor's new management, I have identified a path forward for the company – one which can address the concerns of all of debtor's creditors.  A letter describing that vision is being contemporaneously distributed to the primary creditors.

4. Debtor has substantial assets whose value can best be realized in ongoing operations, or a controlled liquidation of a subset of its assets, e.g., its 50% interest in the TAM-AIR joint venture.  For instance, TAM recently indicated interest in buying out Debtor's 50% interest in TAM-AIR, but only upon certain actions being performed by Debtor.  As another example, in early 2009, Debtor received a substantial offer from a third party for certain of its assets, but any renewal of such an offer is clearly dependent on having ongoing operations and technical know-how, not just CAD drawings.

5. In my business judgment, based on current and potential actions of creditors, Debtor does not have the time or resources to develop a confirmable Chapter 11 plan.  Rather, it hopes to quickly adjust operations outside of bankruptcy court, based on the terms described above, thus relieving pressure from its primary creditors.  Its minor creditor claims would survive and be paid in normal course.

6. Given the current situation described above, the requested dismissal is clearly in the best interest of the creditors and the estate.

7. I have recently discovered, post-petition, that prior management let its business insurance lapse.  I am having substantial difficulty in getting any carrier to provide a quote in providing insurance for a company while in bankruptcy.

8. The situation as described in the prior section provides such cause, namely: (i) that debtor's asset value can best be realized outside of bankruptcy; (ii) that it has a prospective path forward that would relieve most or all of the critical creditor pressure; and (iii) that it cannot afford

to hire local counsel to press forward on the multiple fronts (including litigation and plan confirmation) that would be present if the case were to continue.

* * * *

I make the foregoing statements on October 20, 2009, under penalty of perjury under the laws of the United States.

_____
CHRISTOPHER SANDERS