Craig G. Russillo, OSB #973875
crussillo@schwabe.com
Schwabe, Williamson & Wyatt, P.C.

Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981
Fax 503.796.2900

Of Attorneys for Creditor, ER-1, LLC

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| Aircraft Investor Resources, LLC, | Chapter 11 |
|---|---|
| Debtor. | No. 09-38458-rld11 |
| | MOTION TO CONVERT CASE FROM CHAPTER 11 TO CHAPTER 7 |

ER-1, LLC ("ER"), secured creditor, hereby respectfully submits its Motion to Convert Case from Chapter 11 to Chapter 7 (the "Motion") in the above-referenced case. ER is requesting through this Motion that Debtor Aircraft Investor Resources, LLC's ("Debtor") Chapter 11 bankruptcy proceeding be converted from a Chapter 11 to a Chapter 7 pursuant to 11 U.S.C. § 1112.

This Motion is made and based on the points and authorities listed herein, the pleadings, papers, and other records on file with the clerk of the above-captioned Court, judicial notice of which is hereby requested, and the argument of counsel entertained by the Court at the time of the hearing of the Motion.

/ / /

/ / /

Page 1 of 14-    MOTION TO CONVERT CASE FROM CHAPTER 11 TO CHAPTER 7

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

PDX/121246/172320/KHA/5241001.1

## I.     INTRODUCTION

Debtor is a non-operating entity with no ability to reorganize.  Debtor is not doing anything but wasting time by carrying on this Chapter 11 reorganization.  In fact, after filing the case in Nevada, opposing a Motion to Transfer, and having the case docketed in Oregon, Debtor has now filed a Motion to Dismiss.  In its Motion to Dismiss, filed pursuant to Section[1] 1112(b), the same section under which ER seeks conversion, Debtor admits that cause exists to convert the case.  Now, therefore, the only analysis left for this Court to perform is whether conversion is **not** in the best interest of the creditors.[2]  Here, given Debtor's lack of operating capital, lack of a location in which to operate, lack of direction, and thus, lack of any reasonable expectation to reorganize, it is in the creditors' best interests for this case to be converted to a Chapter 7 case, appoint a trustee, and liquidate the assets of the estate.

## II.     JURISDICTION AND VENUE

1.     The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.     <u>This is a core proceeding pursuant to 28 U.S.C. §157(b) and may be determined by the Bankruptcy Court.</u>

---

[1] All references to "Section" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code.

[2] This is the final step in the analysis barring an objection by the Debtor or another party in interest that establishes:

> 1.     there is a reasonable likelihood that a plan will be confirmed within the timeframes established in Sections 1121(e) and 1129(e), or if such sections do not apply, within a reasonable period of time; and
>
> 2.     the grounds for granting such relief include an act or omission of the debtor other than under paragraph 4(A) -
>
>> (i) for which there exists a reasonable justification for the act or omission; and
>>
>> (ii) that will be cured within a reasonable period of time fixed by the court.

Page 2 of 14-    MOTION TO CONVERT CASE FROM CHAPTER 11 TO CHAPTER 7

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

PDX/121246/172320/KHA/5241001.1

3.  Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

### III.    BACKGROUND

**ER's Involvement with Debtor**

1. Debtor is a Nevada limited liability company formed in 2004. <u>Nigro Decl</u>., ¶ 3.[3]

2. Debtor assists purchasers in assembling kit planes purchased from Debtor's wholly owned affiliates, Aircraft Completion Services, LLC ("ACS") and Epic Air, LLC ("Epic Air").[4] <u>Nigro Decl</u>., ¶ 4.

3. ER is a Delaware limited liability company managed by Edward Nigro. <u>Nigro Decl</u>., ¶ 5.

4. ER is the owner of a 90,000 square foot airplane manufacturing facility located at 22590 Nelson Road, Bend, Oregon 97701 (the "Property"). The property on which the airplane manufacturing facility is located is leased to ER through a sub-lease of a ground lease between the City of Bend, Oregon and Debtor and Quick-Turn Technologies, LLC ("Quick Turn") (the "Ground Lease"). <u>Nigro Decl</u>., ¶ 6, Exhibit "1."

5. ER rented the Property to Debtor, Quick-Turn, and TAM-AIR, Inc. ("TAM"), a Delaware Corporation, pursuant to a Property Improvement Lease dated on or about January 17, 2005 and addendums thereto (the "Lease"). <u>Nigro Decl</u>., ¶ 7, "Exhibit "2."

6. Pursuant to the terms of the Lease, Debtor is required to pay ER monthly rent, insurance, taxes, Ground Lease rent, and utilities. <u>Nigro Decl</u>., ¶ 8, "Exhibit "2."

7. The Lease is a twelve year lease beginning in June 2005 and terminating

---

[3] All references to the Nigro Declaration and Exhibits refer to the <u>Declaration of Ed Nigro in Support of Opposition to Motion to Transfer Venue</u> on file with this Court as Docket No. 21.

[4] This Court should note that at this time, it appears that Debtor's wholly owned affiliates may actually hold all the assets that Debtor lists in its Schedules. As such, it is unclear whether Debtor even has any assets or creditors other than ER.

Page 3 of 14-    MOTION TO CONVERT CASE FROM CHAPTER 11 TO CHAPTER 7

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

PDX/121246/172320/KHA/5241001.1

1  in 2017.  Nigro Decl., ¶ 9, "Exhibit "2."

2    8.    In or about May 2009, Debtor, Quick Turn, and TAM breached the Lease
3  by failing to make monthly rent payments, insurance payments, tax payments, Ground
4  Lease payments, and utility payments.  Nigro Decl., ¶ 10.

5    9.    On or about July 27, 2009, ER locked Debtor, Quick Turn, and TAM out
6  of the Property pursuant to Or. Rev. Stat. §87.162 due to non-payment of rent.  Nigro
7  Decl., ¶ 11.

8    10.    In doing so and pursuant to the terms of the Lease, ER terminated the
9  Lease agreement and retook possession of the Property.  Nigro Decl., ¶ 12, "Exhibit "2."

10    11.    ER is owed in excess of $310,895.63, exclusive of utility costs, as of the
11  date of Debtor's Petition.  Pursuant to Or. Rev. Stat. § 87.162, ER has a security interest
12  in all property owned by the Debtor, Quick Turn, and TAM located within the Property.[5]
13  Nigro Decl., ¶ 13.

14    12.    Based on Debtor's Amended Schedule B, Debtor owns approximately
15  $3,740,000.00 of personal property believed to be located within the Property.[6]  See
16  Amended Schedule B.

17    13.    Based on Debtor's Petition and schedules, ER is among Debtor's largest
18  secured creditors.  See Debtor's Schedules.

19    14.    ER has not received any rental payments, tax payments, insurance
20  payments, or utility payments from Debtor or any other party since May 2009.  Nigro
21  Decl., ¶ 16.

22  Debtor's Bankruptcy Case

23  _____

24  [5] Pursuant to Or. Rev. Stat. § 87.166(1)(b), the landlord's lien attaches immediately when rent becomes due.

25  [6] As noted earlier, it is unclear whether this Property is owned by Debtor or its wholly
26  owned affiliates.  For the purposes of this Motion, any ownership attributed to Debtor is also meant to include its wholly owned affiliates.

Page 4 of 14-    MOTION TO CONVERT CASE FROM CHAPTER 11 TO CHAPTER 7

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

PDX/121246/172320/KHA/5241001.1

15. On September 10, 2009, Debtor filed its voluntary petition under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court, District of Nevada ("Nevada Bankruptcy Court").

16. On October 13, 2009, the Nevada Bankruptcy Court granted a Motion to Transfer Venue from Nevada to the District of Oregon.

17. On October 16, 2009, ACS filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the Nevada Bankruptcy Court.

18. Also on October 16, 2009, Debtor's bankruptcy case was docketed in Oregon.

19. On October 20, 2009, creditor Blue Sky Avgroup, LLC filed a Motion for Order Directing Appointment of Chapter 11 Trustee ("Blue Sky Motion to Appoint") alleging, inter alia, mismanagement of the estate and fraud. See Docket No. 66.

20. On October 20, 2009, creditors Douglas King, Alf Heim III, Burk Aircraft, LLC, Lindsay Assets, LLC, Omar Ratti, Perlota Aviation LLC, Thomas P. Ziegler, Schaffer Industries, and Herin Aviation, LLC filed a Motion to Appoint of Chapter 11 Trustee ("King Motion to Appoint") also alleging, inter alia, mismanagement of the estate and fraud. See Docket No. 73.

21. On October 20, 2009, Debtor filed a Motion to Reject Ground Lease and Sub-Lease Thereunder ("Motion to Reject") indicating, inter alia, that (1) it has no ability to pay the arrears due under the Lease and (2) does not have any desire or need to continue a relationship with ER. See Motion to Reject, pg. 5, ¶ 21, Docket No. 67.

22. On October 20, 2009, Debtor filed a Motion to Dismiss indicating, inter alia, that (1) it did not have adequate insurance and (2) it did not have the time or resources to develop a confirmable Chapter 11 plan. See Motion to Dismiss, pg. 4, ¶¶ 9, 13, Docket No. 78.

///

Page 5 of 14- MOTION TO CONVERT CASE FROM CHAPTER 11 TO CHAPTER 7

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

PDX/121246/172320/KHA/5241001.1

## IV. LEGAL ARGUMENT

### A. Standard for Conversion.

Conversion of a bankruptcy case is governed by Section 1112. Specifically, when a party in interest requests conversion, the Code provides:

> (b)(1) Except as provided in paragraph (2) of this subsection, subsection (c) of this section, and section 1104 (a)(3), on request of a party in interest, and after notice and a hearing, absent **unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.**
>
> (2) The relief provided in paragraph (1) shall not be granted absent unusual circumstances specifically identified by the court that establish that such relief is not in the best interests of creditors and the estate, if the debtor or another party in interest objects and establishes that—
>
> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121 (e) and 1129 (e) of this title, or if such sections do not apply, within a reasonable period of time; and
>
> (B) the grounds for granting such relief include an act or omission of the debtor other than under paragraph (4)(A)—
>
> (i) for which there exists a reasonable justification for the act or omission; and
> (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b) (emphasis supplied).

A party in interest must first demonstrate "cause" in order to convert a case from a Chapter 11 to a Chapter 7 case. 11 U.S.C. § 1112(b). The Bankruptcy Code does not define the term "cause," and although Section 1112(b) lists sixteen examples of cause, this list of grounds is not exhaustive. Accordingly, courts also may convert a case for reasons that are not specifically enumerated in Section 1112(b) of the Bankruptcy Code. <u>Matter of Berryhill</u>, 189 B.R. 463, 465

Page 6 of 14-   MOTION TO CONVERT CASE FROM CHAPTER 11 TO CHAPTER 7

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

PDX/121246/172320/KHA/5241001.1

(Bankr. N.D. Ind. 1995). Once a party in interest demonstrates cause, the court must grant conversion unless it determines that unusual circumstances exist establishing that conversion or dismissal would not be in the best interests of the creditors and the estate. 11 U.S.C. § 1112(b)(2).

B. **As a Creditor, ER has Standing to Move for Conversion of a Case to a Proceeding Under Chapter 7.**

Pursuant to Section 1112(b), a court may convert a Chapter 11 case to a Chapter 7 case for cause on request of a party in interest and after notice and a hearing. 11 U.S.C. § 1112(b). Section 1109(b) defines a "party in interest" as "including . . . a creditor . . .," and expressly authorizes a party in interest to raise, appear, and be heard on any issue in a case under Chapter 11. Accordingly, a creditor has standing to request the conversion from Chapter 11 to Chapter 7 pursuant to Section 1112(b). See In re Sullivan Central Plaza I, Ltd., 935 F.2d 723, 726 (5th Cir. 1991) ("creditor" has standing to move for conversion of a Chapter 11 case under § 1112(b)); see also In re Abijoe Realty Corp., 943 F.2d 121, 125 (1st Cir. 1991) ("creditor" has standing to move for dismissal of Chapter 11 case under Section 1112(b)). Furthermore, courts have held that a putative creditor may not be denied standing to seek conversion simply because its claim is disputed. In re Johnston, 149 B.R. 158, 160-61 (B.A.P. 9th Cir. 1992). In the present case, ER is a creditor of Debtor with standing to move for conversion of this case to a proceeding under Chapter 7.

C. **Cause Exists to Convert the Case to Chapter 7 Under Section 1112(b)(2)(4)(A)-(C).**

Ample cause exists to convert this case pursuant to Section 1112(b). First, Debtor is a non-operating entity that is harming the estate and its creditors while no hope for reorganization exists. Second, as alleged by multiple other creditors, the case has been mismanaged thus far. Finally, by Debtor's own admission, Debtor has failed to maintain adequate insurance.

Page 7 of 14-    MOTION TO CONVERT CASE FROM CHAPTER 11 TO CHAPTER 7

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

PDX/121246/172320/KHA/5241001.1

1. **Debtor's Case Should be Converted Under Section 1112(b)(2)(4)(A) Because There is a Substantial and Continuing Loss to and Diminution of the Estate and Debtor Does Not Have a Reasonable Likelihood of Reorganization.**

Section 1112(b)(4)(A) provides that "cause" for conversion includes the continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation. Section 1112(b)(4)(A) contemplates a "twofold" inquiry into whether there has been a "continuing diminution of the estate and absence of a reasonable likelihood of rehabilitation." <u>In re Citi-Toledo Partners</u>, 170 B.R. 602, 606 (Bankr. N.D. Ohio 1994) (citing <u>In re Photo Promotion Assoc.</u>, 47 B.R. 454, 458 (Bankr. S.D.N.Y. 1995); <u>Clarkson v. Cooke Sales and Service Co.</u> (In re Clarkson), 767 F.2d 417, 420 (8th Cir. 1985) (bankruptcy court properly dismissed case under § 1112(b)(1) upon finding of an absence of sufficient financial data and "certain sources of income" coupled with an erosion in creditors' positions).

Debtor's estate is suffering a substantial and continuing loss as a result of the continuation of this Chapter 11 proceeding. Debtor has not been operating since before it filed the Petition. Currently, Debtor has no property on which to operate, no prospects of property on which to operate, and no plan for how it intends to relocate hundreds of thousands of dollars of manufacturing equipment and machines currently located in the Property. Debtor continues to incur fees related to the bankruptcy and increasing claims against the estate, which is only serving the purpose of diminishing the potential recovery of creditors.

Furthermore, Debtor is diminishing the values of the estate by forcing ER to involuntary extend credit to Debtor and Debtor's creditors. Specifically, despite Debtor's bankruptcy filing and failure to make rental payments for at least five months, ER must still pay its mortgage on the Property, must still pay the utility bills, and must still pay the ground lease. Therefore, ER's claim against the estate continues to increase. In addition, aircrafts owned by Debtor's creditors (or its wholly owned affiliates' creditors) are refusing to remove the aircraft from ER's property, Thus, rather than re-letting the property to one or multiple tenants, ER is (1) paying for Debtor to

Page 8 of 14-    MOTION TO CONVERT CASE FROM CHAPTER 11 TO CHAPTER 7

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

PDX/121246/172320/KHA/5241001.1

house its equipment while a hopeless Chapter 11 bankruptcy remains pending and (2) paying for Debtor's creditors to store their aircraft. Again, all this delay is serving to accomplish is increasing ER's claim against the estate on a daily basis.

With respect to the second prong of the analysis, it has become evident that there is not a reasonable likelihood of reorganization. As noted above, Debtor has no property on which to operate, no prospects of property on which to operate, and no plan for how it intends to relocate hundreds of thousands of dollars of manufacturing equipment and machines. Thus, Debtor does not have a reasonable likelihood of reorganization. Furthermore, Debtor makes clear in its Motion to Dismiss that it cannot reorganize. Debtor **admits** that it does not have "the time or resources to develop a confirmable Chapter 11 plan." See Motion to Dismiss, pg. 4, ¶ 9; Declaration in Support of Dismissal, ¶ 5. Consequently, cause exists to convert this bankruptcy to a Chapter 7 under Section 1112(b)(4)(a).

2. **Debtor's Case Should be Converted Under Section 1112(b)(2)(4)(B) Because There Has Been Gross Mismanagement of the Estate.**

Section 1112(b)(4)(B) provides that "cause" for conversion includes gross mismanagement of the estate. In their recent Motions for the appointment of a Trustee, two groups of creditors have alleged gross mismanagement of the bankruptcy estate both prior to and after the filing of the bankruptcy petition. First, Blue Sky alleges that "[D]ebtor's management has perpetrated various acts of fraud and deceit against Blue Sky and similarly situated creditors." Blue Sky Motion to Appoint, pg. 2, ¶ 4. Second, in the King Motion to Appoint, multiple creditors allege:

> (1) Aircraft Investor Resources LLC (the "Debtor") has engaged in fraudulent and dishonest activities prior to the petition date; (2) the Debtor has misused and improperly commingled its assets and funds; (3) the Debtor has kept misleading and inadequate books and records; (4) conflicts of interest exist with respect to the Debtor's transactions with its various affiliates, which impair the Debtor's ability to operate as a fiduciary and as Debtor-in-Possession; (5) the Debtor has failed to take any post-petition actions to protect the estate and its creditors; (6) the Debtor has

Page 9 of 14-    MOTION TO CONVERT CASE FROM CHAPTER 11 TO CHAPTER 7

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

PDX/121246/172320/KHA/5241001.1

failed to maintain a transparent management structure and has abdicated management to a turnaround consultant without court approval; and, (7) the Debtor's creditor's lack any confidence whatsoever in current management.

<u>King Motion to Appoint</u>, Docket No. 73, pg. 2, ¶ 1. Therefore, causes to convert the case also exists under Section 1112(b)(2)(4)(b).

3. **<u>Debtor's Case Should be Converted Under Section 1112(b)(2)(4)(C) Because Debtor has Failed to Maintain Appropriate Insurance.</u>**

Section 1112(b)(4)(c) provides that "cause" for conversion includes a failure to maintain appropriate insurance that poses a risk to the estate or to the public. In its Motion to Dismiss, Debtor acknowledges that "prior management let its business insurance lapse. Debtor's new management is having substantial difficulty in getting any carrier to provide a quote in providing insurance for a company while in bankruptcy." <u>Motion to Dismiss</u>, pg. 4, ¶ 13; <u>Declaration in Support of Dismissal</u>, ¶ 7. As such, cause also exists to convert the plan under Section 1112(b)(2)(4)(C).

D. **<u>It is in the Creditors' Best Interests to Convert the Case to a Chapter 7.</u>**

Once a creditor establishes cause to convert a case under Section 1112(b), the court shall convert the case unless unusual circumstances specifically identified by the court establish that conversion is not in the best interests of creditors and the estate. 11 U.S.C. § 1112(b)(1). This Court will not find unusual circumstances establishing that conversion is not in the best interests of creditors because conversion is clearly in the best interests of creditors.

As discussed at length above, Debtor is a non-operating entity that currently has nearly all of its assets stored in ER's Property. Debtor has been locked out of the Property for nearly three months. Debtor admits in its <u>Motion to Reject</u> that it does not have the funds to cure the arrears on the Property and thus, is unable to assume the Lease. Debtor fails to provide any information on how it may possibly find an alternate facility and even if it does, how it intends to transfer all the equipment located in ER's manufacturing facility (even assuming it can do so

Page 10 of 14- MOTION TO CONVERT CASE FROM CHAPTER 11 TO CHAPTER 7

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

PDX/121246/172320/KHA/5241001.1

1  despite landlord's lien on the same).  Finally, Debtor admits that it does not have "the time or
2  resources to develop a confirmable Chapter 11 plan." <u>See</u> <u>Motion to Dismiss</u>, pg. 4, ¶¶ 9.  Debtor
3  has no location, no cash, and no ability to reorganize.  As such, conversion is in the best interests
4  of the creditors.

5  Furthermore, ER is at least one creditor that is being forced to involuntary extend credit.
6  For over five months, ER has not received rental payments.  For over five months, ER has been
7  forced to pay its mortgage on the Property, the utilities for the Property, the taxes for the
8  Property, the insurance for the Property, and the ground lease for the Property.  All the while, ER
9  has been prevented from removing Debtor and/or Debtor's creditors from the manufacturing
10 facility so that it may obtain a new tenant and finalize its claim against Debtor.  ER's claim
11 against the estate is increasing daily, while the prospects of reorganization left long ago.  The
12 quicker this Court converts the case and appoints a trustee to liquidate the assets, the quicker
13 ER's claim against the estate is finalized.  Therefore, conversion is in the best interests of the
14 creditors.

15 Finally, this case is ripe for the appointment of a trustee and liquidation.  As noted,
16 Debtor currently has assets consisting of intellectual property and machinery located in the
17 Property.  A trustee can quickly and efficiently market and sell the personal property, thus
18 allowing the creditors to realize a benefit quickly and without significant further losses.
19 Therefore, conversion to a Chapter 7 and an orderly liquidation of the Debtor's assets is in the
20 best interests of the creditors and the estate.

21 **V.    CONCLUSION**

22 Debtor is suffering a continued loss and diminution of its estate and has no reasonable
23 likelihood of reorganization, has grossly mismanaged its estate, and has failed to maintain
24 insurance.  Therefore, cause exists to convert the case from a Chapter 11 to a Chapter 7.
25 Furthermore, conversion is in the best interests of creditors.  Therefore, ER respectfully submits
26 that Debtor's case should be converted from a Chapter 11 to a Chapter 7 case so that its assets

Page 11 of 14- MOTION TO CONVERT CASE FROM CHAPTER 11 TO CHAPTER 7

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

PDX/121246/172320/KHA/5241001.1

1    may be timely liquidated and creditors paid accordingly.

2    ER seeks such further and other relief as the Court deems just and proper.

3    Dated this 22nd day of October, 2009.

4                                        SCHWABE, WILLIAMSON & WYATT, P.C.

5

6                                        By:    /s/ Craig G. Russillo
                                                Craig G. Russillo, OSB #973875
7                                               crussillo@schwabe.com
                                                Facsimile: 503.796.2900
8                                               Of Attorneys for Creditor, ER-1, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 12 of 14-    MOTION TO CONVERT CASE FROM CHAPTER 11 TO CHAPTER 7

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

PDX/121246/172320/KHA/5241001.1

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22 day of October, I served the foregoing MOTION TO CONVERT CASE FROM CHAPTER 11 TO CHAPTER 7 on the following persons:

*Via ECF to*

- BARRY P CAPLAN    barry@sussmanshank.com, ctolle@sussmanshank.com
- SUSAN S FORD    susanf@sussmanshank.com, ecf.susan.ford@sussmanshank.com
- ERICK J HAYNIE    EHaynie@perkinscoie.com, JGriffithScott@perkinscoie.com;docketpor@perkinscoie.com
- STEVEN M HEDBERG    shedberg@perkinscoie.com, cdaugherty@perkinscoie.com;docketpor@perkinscoie.com
- BRIAN T HEMPHILL    brian@hemphill-attorney.com
- EDWARD A MERRILL    merrill_law@hotmail.com
- CRAIG G RUSSILLO    crussillo@schwabe.com, dkinonen@schwabe.com;docket@schwabe.com
- ELIZABETH H SHEA    eshea@hackerwillig.com, donna@hackerwillig.com;debbie@hackerwillig.com;arnie@hackerwillig.com
- TIMOTHY A SOLOMON    ecf.timothy.solomon@sussmanshank.com
- US Trustee, Portland    USTPRegion18.PL.ECF@usdoj.gov

And via First Class Mail to:

ROBERT ATKINSON
10120 S Eastern Ave #202
Henderson, NV 89052

THOMAS H FELL
3960 Howard Hughs Pky 9th Fl
Las Vegas, NV 89169

TERESA M KRPATA
3960 Howard Hughs Pkwy, 9th Fl
Las Vegas, NV 89169

Page 1 -    CERTIFICATE OF SERVICE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

PDX/121246/172320/KHA/5241001.1

1  NILE LEATHAM
   3320 W Sahara Ave #380
2  Las Vegas, NV 89102

3
   AMBRISH S SIDHU
4  810 S Casino Center Blvd #104
   Las Vegas, NV 89101
5
   JOSEPH G WENT
6  3320 W Sahara Ave #380
   Las Vegas, NV 89102
7

8  ***DATED:*** October 22, 2009.

9

10                                          /s/ Craig G. Russillo
                                            _____
11                                          Craig G. Russillo

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 2 -   CERTIFICATE OF SERVICE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

PDX/121246/172320/KHA/5241001.1