1  Barry P. Caplan, OSB No. 650178
   Susan S. Ford, OSB No. 842203
2  Timothy A. Solomon, OSB No. 072573
   SUSSMAN SHANK LLP
3  1000 SW Broadway, Suite 1400
   Portland, OR  97205-3089
4  Telephone: (503) 227-1111
   Facsimile: (503) 248-0130
5  E-Mail: barry@sussmanshank.com
           susanf@sussmanshank.com
6          tsolomon@sussmanshank.com

7  Attorneys for Douglas King, Alf Heim III, LLC, Burk Aircraft, LLC, Independent
            Technologies Inc., Lindsay Assets, LLC, Omar Ratti, Pelota Aviation LLC,
8           Thomas P. Ziegler, Schaffer Industries, Herin Aviation, LLC, et al.

9

10                 IN THE UNITED STATES BANKRUPTCY COURT

11                         DISTRICT OF OREGON

12  In re                              )   Case No. 09-38458-rld11
                                       )
13  Aircraft Investor Resources, LLC,  )   CERTAIN CREDITORS'
                                       )   OBJECTION TO ER1, LLC'S
14                                     )   MOTION TO CONVERT CASE
                  Debtor.              )   FROM CHAPTER 11 TO
15                                     )   CHAPTER 7

16  _____

17          Douglas King, Alf Heim III, LLC, Burk Aircraft, LLC, Independent Technologies

    Inc., Lindsay Assets, LLC, Omar Ratti, Pelota Aviation LLC, Thomas P. Ziegler,
18
    Schaffer Industries, Herin Aviation, LLC, et al., creditors in the above-referenced case
19
    (hereinafter the "Certain Creditors"), object to the Motion to Convert Case from Chapter
20
    11 to Chapter 7 (Docket #85) (the "Motion to Convert") filed by ER1, LLC, and in
21
    support thereof state as follows:
22
                                  BACKGROUND
23
            It is important that this Court be apprised of the context underlying the ER1 LLC
24
    Motion to Convert:
25
            1.      ER1, LLC ("ER1") is an entity co-owned by a company controlled by Rick
26

**Page 1 of 5** -  CERTAIN CREDITORS' OBJECTION TO ER1, LLC'S MOTION TO
                   CONVERT CASE FROM CHAPTER 11 TO CHAPTER 7

1    Schrameck called Quick Turn.   The Certain Creditors believe that Quick Turn,

2    Shrameck and possibly other LLC's in which Shrameck has an interest have engaged in

3    fraudulent and/or self-dealing activities during Shrameck's tenure as the chief executive

4    officer of Aircraft Investor Resources, LLC (the "Debtor").

5        2.      ER1 is both the "sublessee", from the Debtor, of the premises located at

6     22590 Nelson Road, Bend, Oregon (the "Facility"), and the "sub-sublessor" and

7    "landlord" to the Debtor and others of the same Facility.

8        3.      One of the events precipitating the filing of this Chapter 11 case was

9    ER1's purported "eviction" of the Debtor from the Facility, since which time ER1 has

10   barred the Debtor from entering the Facility.   As the Debtor put it, "Mr. Schrameck (as

11   landlord) evicted his own company (as tenant)."   *See* Motion of Aircraft Investor

12   Resources, LLC (the "Debtor") to Reject Ground Lease and Sub-Lease Thereunder

13   (Docket #67), at ¶ 11.   This "eviction" appears to have been wrongful.   Jeff Sanders, the

14   person in charge of the Debtor until recently, stated under oath that "the Debtor/tenant

15   was not in default of the [purported ER1 sub-sublease] and the reentry and continued

16   possession by [ER1] was and is unlawful."   *See* Declaration of Jeff Sanders, dated

17   September 25, 2009, at ¶ 12.[1]   ER1 now claims an alleged "security interest in all

18   property owned by the Debtor."   *See* Motion to Convert at ¶ 11.

19       4.      The Certain Creditors question ER1's motives in filing the Motion to

20   Convert, and dispute many of ER1's contentions, including the following:

21              (a)      That ER1 is the "owner" of the improvements at the Facility;

22              (b)      That ER1 has any rights as "landlord" to the Debtor;

23

24

25   [1] A copy of this Declaration, which was originally filed in the Bankruptcy Court for the
26   District of Nevada, is attached to the Motion for Appointment of Chapter 11 Trustee filed
     by the Certain Creditors on October 20, 2009 (Docket #73), as Exhibit C.

**Page 2 of 5** -   CERTAIN CREDITORS' OBJECTION TO ER1, LLC'S MOTION TO
              CONVERT CASE FROM CHAPTER 11 TO CHAPTER 7

1    (c)    That ER1 has a lien or security interest against any property of the

2           Debtor;

3    (d)    That the "sublease" and "sub sublease" between ER1 and the

4           Debtor and others are true or valid lease transactions;

5    (e)    That ER1's "eviction" of the Debtor was proper or lawful; and

6    (f)    If the "sub sublease" is ultimately determined to be a true or valid

7           lease, that  it was effectively terminated prepetition.

## APPOINTMENT OF A CHAPTER 11 TRUSTEE, NOT CONVERSION, IS

## IN THE BEST INTERESTS OF CREDITORS

10    5.    ER1 argues conversion is appropriate because "substantial and continuing

11   loss" to the Debtor's estate is occurring as a result of this Chapter 11 proceeding.  *See*

12   Motion to Convert at pp.8-9.  This concern is overstated.  The Debtor is not operating,

13   as ER1 concedes, has no employees and should not be incurring significant obligations

14   at this time.   This case is only weeks old, and to the extent ER1 complains that the

15   costs of this Chapter 11 case are "diminishing the potential recovery of creditors," *id.* at

16   p.8, the Certain Creditors note that ER1 does not speak for them, and they do not at this

17   time agree with its concerns.[2]

18    6.    It is premature and unnecessary to convert this case to Chapter 7.  The

19   creditors in this case – whose interests should be paramount – are beginning the

20   process of evaluating various options to maximize estate value and their ultimate

21   recovery. These options may eventually include conversion of the case, of course, but

22   at  this  time  they  also  include  the  possibility  of  funding,  if  necessary,  and  under

23   appropriate conditions and circumstances (including an evaluation of Debtor's available

24

25   [2] ER1 is a creditor of the Debtor (albeit a disputed one), but its interests are adverse to
26   those of most, if not all, other creditors in this case.  Accordingly, what benefits ER1 in
     this case does not necessarily benefit other creditors, and in all likelihood harms them.

**Page 3 of 5** -  CERTAIN CREDITORS' OBJECTION TO ER1, LLC'S MOTION TO
                  CONVERT CASE FROM CHAPTER 11 TO CHAPTER 7

1  cash and other resources), a Chapter 11 reorganization or liquidation.  The Certain

2  Creditors believe that conversion of this case at this particular time is not in the best

3  interest of creditors.

4        7.      ER1 also argues that conversion is appropriate because there has been

5  gross mismanagement of the estate.  *See* Motion to Convert at pp.9-10.  While the

6  Certain Creditors agree, ER1, which is co-owned by an entity controlled by Schrameck

7  – the very person accused of the mismanagement – should not be the party to

8  determine the appropriate remedy for such mismanagement.  Similarly, ER1's complaint

9  that it is "being forced to involuntarily extend credit" to the Debtor, *id.* p.11, must be

10 taken with a large grain of salt.  As discussed above and in other papers filed by the

11 Certain Creditors, ER1 appears to have a complicated, dubious relationship with the

12 Debtor and other affiliated, Schrameck-controlled entities.  The Debtor has forcefully

13 stated that earlier in this case that it believes ER1's "eviction" of the Debtor was

14 improper and unlawful.  Until these issues have been investigated and resolved, the

15 Court should not convert this case – or take any other action – on the basis that ER1 is

16 somehow being economically harmed by the Debtor.

17       8.      Finally, ER1 points to the apparent lapse of the Debtor's business

18 insurance.  *See* Motion to Convert at p.10.  The Debtor is not currently operating and

19 does not need business insurance at this time.  A basic fire insurance policy covering

20 the assets should be relatively easy and inexpensive to obtain.

21       9.      The best interests of creditors will be served by the administration of this

22 case in Chapter 11 at this time – not by conversion.  ER1 is the only party in interest in

23 this case that argues for immediate conversion.  No other creditors have so moved and

24 even the Debtor opposes conversion. On the other hand, multiple creditors have moved

25 for the immediate appointment of a Chapter 11 trustee.

26 / / / /

**Page 4 of 5** -  CERTAIN CREDITORS' OBJECTION TO ER1, LLC'S MOTION TO
                CONVERT CASE FROM CHAPTER 11 TO CHAPTER 7

1    WHEREFORE, the Certain Creditors respectfully request that the Court deny the

2    relief requested in the Motion to Convert.

3    Dated:  October 23, 2009

4                                    SUSSMAN SHANK LLP

5                                    */s/ Susan S. Ford*
                              By: _____
6                                    Barry P. Caplan, OSB No. 650178
                                     Susan S. Ford, OSB No. 842203
7                                    Timothy A. Solomon, OSB No. 072573
                                     Attorneys for Douglas King, Alf Heim III, LLC,
8                                    Burk Aircraft, LLC, Independent Technologies
                                     Inc., Lindsay Assets, LLC, Omar Ratti, Pelota
9                                    Aviation LLC, Thomas P. Ziegler, Schaffer
                                     Industries, Herin Aviation, LLC, et al.
10

11

12    **F:\CLIENTS\20686\001\PLEADINGS\P-OBJ ER1 MOT CON F.DOC**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Page 5 of 5** -  CERTAIN CREDITORS' OBJECTION TO ER1, LLC'S MOTION TO
                   CONVERT CASE FROM CHAPTER 11 TO CHAPTER 7

<u>CERTIFICATE OF SERVICE</u>

1

2    I, Linda R. Scott declare as follows:

3    I am employed in the County of Multnomah, State of Oregon; I am over the age

4 of eighteen years and am not a party to this action; my business address is 1000 SW

5 Broadway, Suite 1400, Portland, Oregon 97205-3089, in said County and State.

6    I certify that on October 23, 2009, I served, via first class mail, a full and correct

7 copy of the foregoing **CERTAIN CREDITORS' OBJECTION TO ER1, LLC'S MOTION**

8 **TO CONVERT CASE FROM CHAPTER 11 TO CHAPTER 7**, to the parties of record,

9 addressed as follows:

10    **See attached service list.**

11    I also certify that on October 23, 2009, I served the above-referenced

12 document(s) on all ECF participants as indicated on the Court's Cm/ECF system.

13    I swear under penalty of perjury that the foregoing is true and correct to the best

14 of my knowledge, information, and belief.

15    Dated: October 23, 2009.

16

17    */s/ Linda R. Scott*

18    Linda R. Scott, Legal Assistant

19

20 F:\CLIENTS\20686\001\SERVICE INFO\CERT LRS OBJ ER1 MOT CON.DOC

21

22

23

24

25

26

CERTIFICATE OF SERVICE - Page 1

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

# SERVICE LIST

In re Aircraft Investor Resources, LLC

Bky Case No. 09-38458-rld11

## Via ECF

- BARRY P CAPLAN    barry@sussmanshank.com, ctolle@sussmanshank.com
- SUSAN S FORD    susanf@sussmanshank.com, ecf.susan.ford@sussmanshank.com
- ERICK J HAYNIE    EHaynie@perkinscoie.com,
  JGriffithScott@perkinscoie.com;docketpor@perkinscoie.com
- STEVEN M HEDBERG    shedberg@perkinscoie.com,
  cdaugherty@perkinscoie.com;docketpor@perkinscoie.com
- BRIAN T HEMPHILL    brian@hemphill-attorney.com
- EDWARD A MERRILL    merrill_law@hotmail.com
- CRAIG G RUSSILLO    crussillo@schwabe.com, dkinonen@schwabe.com;docket@schwabe.com
- ELIZABETH H SHEA    eshea@hackerwillig.com,
  donna@hackerwillig.com;debbie@hackerwillig.com;arnie@hackerwillig.com
- TIMOTHY A SOLOMON    ecf.timothy.solomon@sussmanshank.com
- US Trustee, Portland    USTPRegion18.PL.ECF@usdoj.gov

## Via U.S. Mail

ROBERT ATKINSON
10120 S Eastern Ave #202
Henderson, NV 89052

THOMAS H FELL
3960 Howard Hughs Pky 9th Fl
Las Vegas, NV 89169

TERESA M KRPATA
3960 Howard Hughs Pkwy, 9th Fl
Las Vegas, NV 89169

NILE LEATHAM
3320 W Sahara Ave #380
Las Vegas, NV 89102

EDWARD A MERRILL
243 SW Scalehouse Lp #1B
Bend, OR 97702

AMBRISH S SIDHU
810 S Casino Center Blvd #104
Las Vegas, NV 89101

JOSEPH G WENT
3320 W Sahara Ave #380
Las Vegas, NV 89102

Balyeat & Eager, LLP
920 NW Bond St., Ste. 209
Bend, OR  97701-2762

Quick-Turn Technologies Nevada, LLC
2121 Redbird Dr.
Las Vegas, NV 89134-6191

TAM-Air, Inc.
c/o Corporation Trust Company
1209 Orange St.
Wilmington, DE  19801-1120

Richard Schrameck
c/o Matthew J. Kalmanson
c/o Janet Marie Schroer
Hoffman Hart & Wagner, LLP
1000 SW Broadway, 20th Floor
Portland, OR  97205

Jeff Sanders
c/o Michael H. McGean
Francis, Hansen & Martin, LLP
1148 NW Hill Street
Bend, OR  97701

Brian L. Gingerich
Schwabe Williamson & Wyatt PC
549 SW Mill View Way, Ste. 100
Bend, OR  97702