DISTRICT OF OREGON
**F I L E D**
**March 15, 2010**
Clerk, U.S. Bankruptcy Court

Below is an Order of the Court.

_____
RANDALL L. DUNN
U.S. Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>**Aircraft Investor Resources, LLC**; as consolidated with *In re Epic Air, LLC* (09-40041-rld7) and *In re Aircraft Completion Services, LLC* (10-30185-rld7),<br><br>    Debtor. | Case No. 09-38458-rld11<br><br>**ORDER (I) APPROVING BIDDING PROCEDURES IN CONNECTION WITH THE SALE OF ASSETS; (II) APPROVING A BREAKUP FEE; (III) AUTHORIZING AND SCHEDULING AN AUCTION ON MARCH 26, 2010 IN CONNECTION WITH THE SALE; (IV) CONFIRMING MARCH 30, 2010 HEARING FOR FINAL APPROVAL OF SALE; AND (V) APPROVING NOTICE OF AUCTION AND SALE HEARING** |

This matter came before the Court for hearing on March 4, 2010, and again on March 11, 2010 upon the motion (the "Sale Procedures Motion")[1] of Kenneth Eiler, Chapter 11 Trustee in the above-captioned case (the "Trustee"), for an order: (i) approving bidding

---

[1] All capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Sale
Continued on the next page

Page 1 - **ORDER (I) APPROVING BIDDING PROCEDURES IN CONNECTION WITH THE SALE OF ASSETS, ETC.**

::ODMA\PCDOCS\PORTLAND\698091\5

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

procedures (the "Bidding Procedures") in connection with the proposed sale (the "Proposed Sale") of all or substantially all of the assets of the Debtor (collectively, the "Assets"), which bidding procedures shall govern the Auction (as defined below); (ii) approving those provisions of the Asset Purchase Agreement dated as of February 22, 2010 (the "Stalking Horse Bid") by and between the Debtor, as seller, and Harlow Aerostructures LLC as purchaser (the "Stalking Horse Bidder"), providing for payment of a breakup fee (the "Breakup Fee") to the Stalking Horse Bidder in accordance with the terms and subject to the conditions set forth in the Stalking Horse Bid; (iii) authorizing and scheduling an auction (the "Auction") in connection with such Proposed Sale, at which auction the Trustee will solicit higher or better offers for the Assets in accordance with the Bidding Procedures; (iv) approving the form and manner of notice (the "Notice of Auction and Sale Hearing") of the Proposed Sale to the Stalking Horse Bidder (or such other Prevailing Bidder as may be determined at the Auction in accordance with the Bidding Procedures), the Bidding Procedures, the Auction and the hearing for final approval of the sale (the "Sale Hearing"); and (v) scheduling the Sale Hearing; and the Court having held a hearing on the Sale Procedures Motion on March 4, 2010; and having considering the submissions and arguments of counsel and the files and records herein; and now being fully advised of the premises; and after due deliberation thereon and sufficient cause appearing therefor, the Court FINDS THAT:

      A.      On September 10, 2009, Aircraft Investor Resources, LLC ("AIR") filed a petition for relief under Title 11, Chapter 11 of the U.S. Code. On March 2, 1010, this Court

---

Continued from the previous page
Procedures Motion.

Page 2 -  **ORDER (I) APPROVING BIDDING PROCEDURES IN CONNECTION WITH THE SALE OF ASSETS, ETC.**

::ODMA\PCDOCS\PORTLAND\698091\5

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

entered an Order Substantively Consolidating Cases [Dkt # 263] by which the estate of AIR was substantively consolidated with (a) the bankruptcy estate of Epic Air, LLC ("Epic Air"), pending before this Court as Case No. 09-40041-rld7; and (b) the bankruptcy estate of Aircraft Completion Services, LLC ("ACS"), pending before this Court as Case No. 10 30185-rld7.  AIR, Epic Air and ACS are referred to collectively herein as the "Debtor."

B. On October 27, 2009, the Court entered an Order approving the appointment of Kenneth Eiler as Chapter 11 Trustee of AIR.  On January 14, 2010, the United States trustee appointed in the AIR case a committee of unsecured creditors pursuant to 11 U.S.C §1102 (the "Committee").

C. This Court has jurisdiction over the Sale Procedures Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. § 1408.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

D. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105, 363 and 365.

E. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.

F. Good and sufficient notice of the Sale Procedures Motion and the relief sought therein has been given and no other or further notice is required.  A reasonable opportunity to object and be heard regarding the relief requested in the Sale Procedures Motion has been afforded to parties in interest, including the following:  (i) the United States trustee; (ii) the Committee; (iii) those parties which have expressed an interest in bidding on the Assets; (iv)

Page 3 -  **ORDER (I) APPROVING BIDDING PROCEDURES IN CONNECTION WITH THE SALE OF ASSETS, ETC.**

::ODMA\PCDOCS\PORTLAND\698091\5

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and (v) the Stalking Horse Bidder.

G. The form of Notice of Auction and Sale Hearing [Dkt. # 274] is good, appropriate, adequate and sufficient, and is reasonably calculated to provide all interested parties with timely and proper notice of the Proposed Sale, the Auction, the Bidding Procedures and the Sale Hearing.

H. The Breakup Fee is an actual, necessary cost and expense of preserving the Debtor's estate within the meaning of 11 U.S.C. §503(b)(1)(A). It is (i) the product of good faith, arms' length negotiations between the Trustee and the Stalking Horse Bidder; (ii) reasonable and appropriate in amount in light of the size, nature and complexity of the Proposed Sale and the efforts (and the significant due diligence costs and expenses) that have been and will be expended by the Stalking Horse Bidder even though the Proposed Sale is subject to overbid; and (iii) an essential term of the Stalking Horse Bid and necessary to ensure that the Stalking Horse Bidder will continue to pursue the Proposed Sale.

I. Entry of this Order is in the best interests of the estate, its creditors and other parties in interest, as the Trustee will, among other things, retain for the benefit of the estate the prospect of a successful sale to the Stalking Horse Bidder, while enabling the Trustee to solicit competing bids.

J. The terms and conditions of the Auction and the Bidding Procedures were proposed by the Trustee in good faith with the goal of maximizing the value of the Assets, are

Page 4 - **ORDER (I) APPROVING BIDDING PROCEDURES IN CONNECTION WITH THE SALE OF ASSETS, ETC.**

::ODMA\PCDOCS\PORTLAND\698091\5

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

fair and reasonable and in the best interests of the estate, represent an exercise of the Trustee's sound business judgment, and will facilitate an orderly sale process.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1. All objections to the entry of the Sale Procedures Motion that have not been withdrawn, waived, resolved or settled are hereby overruled except to the extent incorporated in this Order. This Order shall be without prejudice to the rights of any and all parties to: (a) object to entry of any proposed Sale Approval Order (as defined in paragraph 8 below); (b) file and pursue confirmation of a plan; and (c) appeal from any Sale Approval Order.

2. The Bidding Procedures, as set forth in Exhibit A hereto, are hereby approved in their entirety. Terms used and not defined in this Order that are defined in the Bidding Procedures shall have the meanings ascribed to them in the Bidding Procedures. Bids for the Assets (whether presented in the form of a plan, as a purchase agreement or otherwise) that are not made in accordance with the Bidding Procedures and that are not made before the conclusion of the Auction shall not be considered at the Sale Hearing. All proceedings relating to (i) the submission, consideration, qualification and acceptance of Qualified Overbids submitted to the Trustee, (ii) the Auction, and (iii) the identification and determination of the Prevailing Bid shall be governed by and conducted in accordance with the Bidding Procedures. The failure in this Order to include specifically or reference any particular provision, section or article of the Bidding Procedures shall not diminish or impair the effectiveness of the Bidding Procedures, it being the intent of this Court that the Bidding Procedures be authorized and approved in their entirety and are incorporated herein by reference.

Page 5 - **ORDER (I) APPROVING BIDDING PROCEDURES IN CONNECTION WITH THE SALE OF ASSETS, ETC.**

::ODMA\PCDOCS\PORTLAND\698091\5

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

3. The Trustee is excused from using LBF #760.5.

4. The Breakup Fee is hereby approved on the terms and subject to the conditions set forth in the Stalking Horse Bid, and shall constitute an administrative expense entitled to priority under 11 U.S.C. §§503(b) and 507(a)(2). Subject to the notice and opportunity for hearing procedures set forth below, the Trustee is authorized and directed to pay the Breakup Fee to the Stalking Horse Bidder as an administrative expense if and as required under the terms of the Stalking Horse Bid. In the event that the Stalking Horse Bid is terminated for any reason other than a material breach of the terms thereof by the Stalking Horse Bidder (including a termination resulting from a party other than the Stalking Horse Bidder being the Prevailing Bidder at the Auction or from the Trustee electing to proceed with a plan of reorganization), then and in such event, within 21 days after such termination, the Stalking Horse Bidder shall file with the Court a notice stating the amount of the Breakup Fee claimed by the Stalking Horse Bidder and which shall include an itemized description of the actual fees and expenses incurred in connection with its due diligence investigation, its negotiation of the Stalking Horse Bid, and its efforts to purchase the Assets. If no objection is filed within 14 days after the date on which such notice is filed, then the Trustee shall be authorized to pay the Breakup Fee requested therein. If an objection is timely filed, then payment of the Breakup Fee shall be made promptly following entry of a separate order of the Court fixing the allowed amount thereof.

5. The Trustee may conduct the Auction in accordance with the Bidding Procedures. The Auction, if required, will commence at 10:00 a.m. (Pacific Time) on March 26, 2010 at the offices of Ball Janik LLP, or at such later time and at such other place as the Trustee

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

shall determine in his reasonable discretion; provided, however, that if the Trustee changes the time or place of the Auction, he shall promptly notify all Qualified Bidders and all other persons entitled to attend the Auction.

6. A hearing to approve the Proposed Sale to the Stalking Horse Bidder or, alternatively, the transaction that is the subject of the Prevailing Bid to the Prevailing Bidder, as the case may require, shall be conducted at 9:30 a.m. (Pacific Time) on March 30, 2010, or at such later time as determined by this Court. The Sale Hearing may be adjourned, from time to time, without further notice to creditors or parties in interest other than by announcement of said adjournment in Court or on this Court's calendar on the date scheduled for such hearing.

7. The notice of, among other things, (i) the Proposed Sale, (ii) entry of this Sale Procedures Order, (iii) the Bidding Procedures, (iv) the Auction and (v) the Sale Hearing, filed with the Court on March 4, 2010 [Dkt. # 274], is approved in all respects.

8. At the Sale Hearing, the Trustee may seek entry of an order (the "Sale Approval Order") authorizing and approving: (a) (i) if no Qualified Overbid is received other than that of the Stalking Horse Bidder, the transaction contemplated by the Stalking Horse Bid, or (ii) if one or more Qualified Overbids are received by the Trustee, such other transaction contemplated by the Prevailing Bid, and (b) the assignment to the Stalking Horse Bidder or the Prevailing Bidder, as the case may be, of such contracts and leases and rights of assumption or rejection under 11 U.S.C. §365 as such party may designate in writing to the Trustee at or before the Sale Hearing. Any objections to the proposed sale must be filed with the Court no later than 5:00 p.m. (Pacific Time) on March 29, 2010. Any party filing an objection to the proposed sale

Page 7 - **ORDER (I) APPROVING BIDDING PROCEDURES IN CONNECTION WITH THE SALE OF ASSETS, ETC.**

::ODMA\PCDOCS\PORTLAND\698091\5

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

must attend the Sale Hearing and advocate the objection at such hearing. The failure of any party to timely file and advocate such party's objection in accordance with this paragraph shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Sale Approval Order, and such objection shall be deemed waived.

9.  The Trustee, in his reasonable discretion and without further delay, is authorized to take all actions that are reasonably necessary or appropriate to implement the Bidding Procedures and, if required, to conduct the Auction in accordance with the Bidding Procedures.

10. This Order shall be effective and enforceable immediately upon its entry

11. Tbilaviamsheni Ltd. ("TAM") filed an objection (the "TAM Objection") to the Sale Procedures Motion in which it contends that the Trustee is impermissibly seeking to sell assets not owned by the Debtor. The Trustee may sell only the interest of the Debtor's estate in the Assets identified in the Stalking Horse Bid or at the Auction. To the extent that there are assets that are owned by TAM or TAM-AIR, Inc., such assets are not being sold pursuant to these Bidding Procedures. To the extent that TAM asserts that the Assets sought to be sold by Trustee under the Stalking Horse Bid or at the Auction are owned by, or subject to a license granted by the Debtor to, TAM or TAM-AIR, Inc., then the sale of the Assets shall be subject to the rights and interests, if any, of TAM and TAM-AIR, Inc.

Page 8 -  **ORDER (I) APPROVING BIDDING PROCEDURES IN CONNECTION WITH THE SALE OF ASSETS, ETC.**

::ODMA\PCDOCS\PORTLAND\698091\5

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

12. The Certain Creditors and LT Builders filed an objection to the Sale Procedures Motion in which they objected to. among other things, certain of the proposed bidding procedures and the sale of certain property and assets owned by amateur builders. Any sale of Assets by the Trustee shall specifically exclude all partially completed aircraft and any parts inventory owned by amateur builders. Any Qualified Bidder may submit an Asset Purchase Agreement and schedule of assets to be sold which may add, delete or modify the description of assets set forth on Schedule 1.1 of the Stalking Horse Bid. In addition, the LT Builders' Sale Deposit in the amount of $50,000 shall be deemed paid in full on account of the LT Builders' prior payment of such amount to the Trustee under a plan term sheet. The LT Builders' participation at the Auction shall not in any manner waive or impair the rights of the Certain Creditors and LT Builders to sponsor and pursue confirmation of a plan nor shall filing and pursuit of a plan by the LT Builders waive or impair their rights to participate in the Auction.

13. This Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order. Without limiting the scope of the preceding sentence, this Court specifically retains jurisdiction to hear and determine all disputes relating to the rights and interests, if any, of others (including but not limited to TAM, TAM-AIR, Inc., and amateur builders) in and to the Assets designated in the Prevailing Bid.

# # #

Page 9 -  **ORDER (I) APPROVING BIDDING PROCEDURES IN CONNECTION WITH THE SALE OF ASSETS, ETC.**

::ODMA\PCDOCS\PORTLAND\698091\5

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

Presented by:

BALL JANIK LLP

By: /s/ David W. Criswell
    **David W. Criswell, OSB No. 925930**
    dcriswell@balljanik.com
    **Justin D. Leonard, OSB No. 033736**
    jleonard@balljanik.com
    101 SW Main Street, Suite 1100
    Portland, OR  97204
    Telephone:  (503) 228-2525
    Facsimile:   (503) 295-1058

    Attorneys for Kenneth S. Eiler,
    Chapter 11 Trustee

Page 10 -    **ORDER (I) APPROVING BIDDING PROCEDURES IN CONNECTION WITH THE SALE OF ASSETS, ETC.**

::ODMA\PCDOCS\PORTLAND\698091\5

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

**Exhibit A to Sale Procedures Order**

**Bidding Procedures**

A.  <u>Bids</u>.  Any third party (other than Harlow) that is interested in acquiring all or substantially all of the Assets (each a "Bidder") must submit a "Bid" as provided herein prior to **3:00 p.m. Prevailing Pacific time on Wednesday, March 24, 2010** (the "Bid Deadline").  Any such Bid must:

(1) (a) if the transaction contemplated by the Bid is to be consummated outside of a plan pursuant to an order under 11 U.S.C. §§ 363 and 365, contain a signed definitive asset purchase agreement in substantially the form of the Asset Purchase Agreement dated as of February 22, 2010, under which Harlow is the Buyer (marked to show changes from such Asset Purchase Agreement) with, at a minimum, the following requirements:  (i) designating the Assets to be acquired and having similar terms and conditions as the Asset Purchase Agreement; (ii) provide for a purchase price with respect to the Assets in an amount which is no less than $2,100,000; (iii) provide that the purchaser thereunder will forfeit the Termination Fee (defined below), as liquidated damages if such purchaser defaults under such purchase agreement; (iv) not be subject to any (a) financing contingency, (b) contingency relating to the completion of unperformed due diligence, (c) contingency relating to the approval of the Bidder's board of directors or other internal approvals or consents, or (d) any conditions precedent to the Bidder's obligation to purchase the Assets other than those included in the Asset Purchase Agreement; and (v) no Bid shall provide for the payment to the Bidder of any breakup fee, topping fee, expense reimbursement or other similar arrangement, or (b) if the transaction contemplated by the Bid is to be consummated under a plan, a copy of the proposed plan;

(2) Unless previously made, include a deposit (the "Sale Deposit") in the form of either a wire transfer to an account specified by the Trustee or a certified check in the amount of $50,000 payable to the order of the Trustee and such deposit shall be held in escrow in a segregated account of the Trustee pending the closing of the asset sale, which amount shall be forfeited as liquidated damages if such Bidder is the Purchaser (defined below) and fails to close the transaction because of a breach or failure to perform on the part of the Purchaser (the "Termination Fee");

(3) To the extent not previously provided to the Trustee, include an executed confidentiality agreement (in form and substance reasonably satisfactory to the Trustee);

Page 1 -  Exhibit A to Sale Procedures Order

::ODMA\PCDOCS\PORTLAND\698091\5

(4) To the extent not previously provided to the Trustee, be accompanied by evidence satisfactory to the Trustee in his commercially reasonable discretion that Bidder is willing, authorized, capable and qualified financially, legally and otherwise, of unconditionally performing all obligations under a Prevailing Bid (defined below) at the Auction;

(5) Be accompanied by a completed disclosure form (in the form provided to Bidder by the Trustee) (the "Disclosure Form") which (a) discloses the identities of the equity holders, officers, directors, managers and control persons of Bidder (together, the "Bidder Insiders"), (b) discloses all sources of funding for the Bid (whether as loans to and/or equity contributions in the Bidder, or otherwise) in the event the Bidder submits the Prevailing Bid at the Auction, and (c) sets forth the connections, if any, between the Bidder Insiders, on the one hand, and Aircraft Investor Resources, LLC, Epic Air, LLC, Aircraft Completion Services, LLC, ER1, or any of their affiliates (together, the "AIR Entities"), and the equity holders, the officers, directors, managers and control persons of the AIR Entities, which are identified on the Disclosure Form, on the other hand; and

(6) Be submitted to counsel for the Trustee so as to be received not later than the Bid Deadline. The Trustee or his counsel shall, as soon as practicable, send a copy of each Bid received, if any, together with a copy of each Bidder's Disclosure Form, to the following parties: (i) counsel to Harlow; (ii) counsel to the Committee; and (iii) either counsel to each Bidder submitting a bid, or if a Bidder does not have counsel, to any other Bidder.

B. <u>Auction</u>. In the event that the Trustee determines, in his sole reasonable discretion, that a qualifying Bid has been received from a prospective purchaser other than Harlow (a "Qualified Bidder"), then the Trustee will conduct the Auction among Harlow and all Qualified Bidders on **Friday, March 26, 2010 at 10:00 a.m.** with respect to the sale of the Assets at the offices of Ball Janik LLP, 101 SW Main Street, 11th Floor, Portland, OR 97204 or at such other location as may be designated by the Trustee. The Trustee will provide no less than 24 hours' notice to Harlow and to all Qualified Bidders that the Auction will be held. The Trustee shall determine the highest and best Bid in his reasonable discretion. No Bids may be received after the announced conclusion of the Auction. At the Auction, Harlow and Qualified Bidders may submit successive Bids in any form in increments of at least $50,000 greater than the prior Bid (the "Incremental Bid Amount") for the purchase of all or substantially all of the Assets until there is only one Bid that the Trustee determines, in his reasonable discretion and subject to Bankruptcy Court approval, is the highest and best Bid (the "Prevailing Bid"). The Trustee shall accommodate requests by Qualified Bidders for reasonable recesses during the Auction not to exceed 30 minutes. If

Page 2 - Exhibit A to Sale Procedures Order

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

no conforming Bid from a Qualified Bidder shall have been received at or prior to the Bid Deadline, no Auction will be held.  The "Purchaser" shall be the entity that submits the Prevailing Bid or, if there is no Auction, Harlow; provided, however that  in the event that  such Purchaser defaults or fails to close the transactions contemplated by the Prevailing Bid, then the entity that, in the determination of the Trustee and subject to Bankruptcy Court approval, submitted the second highest and best Bid for the Assets (the "Backup Bid") shall be deemed to be the Purchaser and the Backup Bid shall be deemed to be the Prevailing Bid.  Notwithstanding the foregoing, the Trustee may impose such other rules governing the Auction as he may reasonably determine to be in the best interest of the estate.  If a Bidder's Bid is not the Prevailing Bid, then the Trustee shall return the Sale Deposit within 3 business days following the earlier of (a) the Trustee's determination that the Bidder is not a Qualified Bidder; and (b) the conclusion of the Sale Hearing.

C. <u>Bankruptcy Court Approval of Sale</u>.  If the transactions contemplated by the Prevailing Bid are to be consummated outside of a plan, the Trustee and the Purchaser, once the Purchaser has been determined, shall make commercially reasonable efforts, and shall cooperate, assist and consult with each other, to secure the entry of an order (the "Sale Approval Order"), which is reasonably acceptable to the Trustee and the Purchaser (it being understood that if Harlow is the Purchaser, the Sale Approval Order will not have required any change to the terms and conditions of the Asset Purchase Agreement except as required by the Sale Procedures Order and other than changes consented to in writing by the Purchaser), of the Bankruptcy Court (i) approving the Prevailing Bid, (ii) authorizing the sale of the Assets free and clear of all liens, claims, interests and encumbrances, and (iii) authorizing the assumption, rejection and/or assignment of unexpired leases and executory contracts designated by the Purchaser pursuant to section 365 of the Bankruptcy Code, if any.  In connection with the assignment of unexpired leases and executory contracts pursuant to, and to the extent required by, section 365 of the Bankruptcy Code, the Purchaser shall take all reasonable actions required to provide "adequate assurance of future performance" by the Purchaser after the closing of such sale.  Purchaser shall also be responsible for any and all "cure costs" necessary to assume any such executory contracts.  If for any reason the Purchaser is unable or unwilling to consummate an approved transaction, because of breach or failure to perform on the part of the Purchaser, (a) it will forfeit its Termination Fee to the Trustee as liquidated damages in lieu of any other damages with respect to such breach, and (b) the Bidder making the Backup Bid shall be deemed to be the Purchaser, the Backup Bid shall be deemed to be the Prevailing Bid, and if the transactions contemplated thereby are to be consummated outside of a plan, the Trustee shall be authorized to effectuate the transactions without further order of the Bankruptcy Court.

Page 3 -  Exhibit A to Sale Procedures Order

::ODMA\PCDOCS\PORTLAND\698091\5

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

D. <u>Hearing on Sale Under Section 363</u>.  The Trustee will, if appropriate, present a Sale Approval Order for entry at an evidentiary hearing on March 30, 2010, commencing at 9:30 a.m.

**Page 4 -  Exhibit A to Sale Procedures Order**

::ODMA\PCDOCS\PORTLAND\698091\5

Ball Janik LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

# LIST OF PARTIES TO RECEIVE COPY OF ORDER
*In re Aircraft Investor Resources, LLC* **(as consolidated)**
U.S. Bankruptcy Court, District of Oregon Case No. 09-38458-rld11

**By CM/ECF (ECF Participants)**:

- ROBERT E ATKINSON    robert@kupperlin.com, bknotices@kupperlin.com
- MARJORIE A BERGER    marjorie.berger@harrang.com, deborah.boersma@harrang.com
- J RION BOURGEOIS    rion@att.net
- BARRY P CAPLAN    barry@sussmanshank.com, ctolle@sussmanshank.com
- CRAIG J CAPON    craig.j.capon@harrang.com, ann.flagg@harrang.com;marjorie.berger@harrang.com;deborah.boersma@harrang.com
- DAVID W CRISWELL    dcriswell@balljanik.com, swylen@balljanik.com
- Kenneth S Eiler    or10@ecfcbis.com
- THOMAS H FELL    bankruptcynotices@gordonsilver.com, bknotices@gordonsilver.com
- GARY FIRESTONE    gfirestone@ci.bend.or.us, nflannigan@ci.bend.or.us
- DAVID A FORAKER    david.foraker@greenemarkley.com, joyce.chartrand@greenemarkley.com
- SUSAN S FORD    susanf@sussmanshank.com, ecf.susan.ford@sussmanshank.com
- JAMES K HEIN    james.hein@tonkon.com, judy.alexander@tonkon.com
- BRIAN T HEMPHILL    brian@hemphill-attorney.com
- BLAIR J HENNINGSGAARD    blair@astorialaw.net, sarah@astorialaw.net
- THOMAS K HOOPER    bmail@hooplaw.com, csayles@hooplaw.com
- JUSTIN D LEONARD    jleonard@bjllp.com, jweisenbach@balljanik.com
- EDWARD A MERRILL    merrill_law@hotmail.com
- DOUGLAS R PAHL    dpahl@perkinscoie.com, etherrien@perkinscoie.com;docketpor@perkinscoie.com
- ALEX I POUST    apoust@schwabe.com, dsalt@schwabe.com;docket@schwabe.com
- CRAIG G RUSSILLO    crussillo@schwabe.com, dkinonen@schwabe.com;docket@schwabe.com;bankruptcynotices@schwabe.com
- LISA M SCHILLER    lschiller.ecf@rprslaw.com., jheredia@rprslaw.com
- TARA J SCHLEICHER    tschleicher@fwwlaw.com, dfallon@fwwlaw.com;ldemeter@fwwlaw.com

Page 1 - **LIST OF PARTIES TO RECEIVE COPY OF ORDER**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

\\tank\Users\Home\wylen.s\Desktop\DELETE.DOC

- ELIZABETH H SHEA    eshea@hackerwillig.com, donna@hackerwillig.com;debbie@hackerwillig.com;arnie@hackerwillig.com

- TIMOTHY A SOLOMON    ecf.timothy.solomon@sussmanshank.com

- US Trustee, Portland    USTPRegion18.PL.ECF@usdoj.gov

- JAMES C WAGGONER    jimwaggoner@dwt.com, connieanderson@dwt.com;marciebutler@dwt.com

- J STEPHEN WERTS    swerts@cablehuston.com, dalbin@cablehuston.com;cstokes@cablehuston.com;candrews@cablehuston.com

- ARNOLD M WILLIG    arnie@hackerwillig.com, debbie@hackerwillig.com,donna@hackerwillig.com

**By Regular Mail (Non-ECF Participants):**

ROBERT ATKINSON
10120 S Eastern Ave #202
Henderson, NV 89052

Aircraft Completion Services, LLC
2121 Redbird Dr
Las Vegas, NV 89134

JOHN M BERMAN
7175 SW Beveland St #210
Tigard, OR 97223

Blue Sky Avgroup, LLC
C/O Richard J. Lucibella
5 Beachway North
Ocean Ridge, FL 33435

Matthew M Carucci
1216 N King St
Wilmington, DE 19801

Epic Air, LLC
PO Box 735
Pismo Beach, CA 93448

BRIAN L GINGERICH
Schwabe Williamson & Wyatt, PC
549 SW Mill View Way Ste 100
Bend, OR 97702

TERESA M KRPATA
3960 Howard Hughs Pkwy, 9th Fl
Las Vegas, NV 89169

NILE LEATHAM
3320 W Sahara Ave #380
Las Vegas, NV 89102

N395WKLLC
Walter Schlotfeldt
C/O Hacker & Willig, Inc.
1501 Fourth Ave., #2150
Seattle, WA 98101

AMBRISH S SIDHU
810 S Casino Center Blvd #104
Las Vegas, NV 89101

JOSEPH G WENT
3320 W Sahara Ave #380
Las Vegas, NV 89102

Page 2 -  **LIST OF PARTIES TO RECEIVE COPY OF ORDER**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

\\tank\Users\Home\wylen.s\Desktop\DELETE.DOC